# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1518V
(not to be published)

| | |
|---|---|
| SHARON BORRIS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kevin A. Mack*, Law Office of Kevin A. Mack, Tiffin, OH, for Petitioner.

*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 2, 2018, Sharon Borris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration caused-in-fact by the influenza vaccine she received on October 8, 2015. (Petition at 1). On May 25, 2021, a decision was issued dismissing the petition. (ECF No. 42).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 1, 2021 (ECF No. 43), requesting a total award of $25,115.63 (representing $25,355.50 in fees and $630.13 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (*Id.* at 1). Respondent reacted to the motion on June 7, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for attorney Kevin A. Mack at the rate of $325 per hour for all time billed between 2017 – 2021. (ECF No. 43-1 at 1-6). However. Mr. Mack has previously been awarded the rate of $325 per hour for time billed in 2017 - 2018. *See Mayle v. Sec'y of Health & Human Servs.,* No. 17-1221V, 2019 WL 1149787 (Fed. Cl. Spec. Mstr. Feb. 28, 2019). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Mack's rate for work performed in 2017 and 2018. Application of these reduced rates results in a reduction of **$1,400.00**.[3] For the years 2019 - 2021, however, I will award the requested rate of $325 per hour.

### B. Paralegal Tasks at Attorney Rates

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Mack billed over 10 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, faxing, mailing, and filing documents. Examples of these (which are not an exhaustive list) include the following:

- June 23, 2017 (0.75 hrs) "Medical Release Forms";

- July 7, 2017 (1.0 hrs) "Medical Documents – Layton Physical Therapy";

- October 1, 2019 (0.25 hrs) "File Petition";

---

[3] This amount consists of $325 - $275 = $50 x 28 hrs = $1,400.00.

- November 25, 2019, (0.25 hrs) "Revised Exhibit List and Add'l Exhibits"

- March 5, 2020 (0.25 hrs) "Fax to Dr. Myers"

(ECF No. 43-1 at 1-4).

I shall reduce Mr. Mack's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$1,517.90**.[4]

## ATTORNEY COSTS

Petitioner requests $630.13 in overall costs. (ECF No. 43 at 1). This amount is comprised of the Court's filing fee, medical records, and shipping costs. I find the majority of these costs reasonable, however several requested costs do not have supporting documentation. These include the following transactions:

- April 11, 2017 - "Overnight to Sharon Borris" - $27.50
- June 29, 2017 – "Postage for Medical Release Forms" - $26.60
- October 1, 2018 – "USPS" - $21.47
- July 27, 2020 – "UPS Charge" - $19.91

On July 20, 2021, a scheduling order was filed requesting the documentation listed. (ECF No. 47). On July 22, 2021, counsel for Petitioner refiled his original motion for attorney's fees and costs, but did not include the requested documentation substantiating the costs listed above. (ECF No. 48). Because such costs have not been explained or justified as reasonable, I am required to deny their award. Total costs to be awarded are thus reduced by the sum of **$95.48.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$22,972.25** (representing $22,437.60 in fees and $534.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In

---

[4] This amount consists of ($395 - $145 = $250 x 3.55 hrs = $887.50) + ($415 - $145 = $270 x 11.05 hrs = $2,983.50) + ($430 - $145 = $285 x 0.4 hrs = $114) = $3,985.00.

4

the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.